JUDGE LINDSAY
delivered the opihtou op the court.
Beadles & Bolinger brought their action at law against Bailey, and sued out an order of general attachment against his property upon the ground of non-residency, and the same was regularly levied upon a tract of land owned by him. Orders of warning were properly taken, and the various provisions of the Code of Practice regulating such proceedings were substantially complied with, and the land levied on adjudged to be sold in satisfaction of plaintiffs’ claim. The grounds of attachment were attempted to be set out in the petition, there being no separate affidavit. Appellees failed to allege that their demand was just, and appellant insists that such failure renders the order of attachment void; and that, as there was no personal service of summons upon him, the court below had no jurisdiction to render a judgment either in personam or in rem.
It has been repeatedly settled by this court that it is indispensably necessary that the attaching creditor shall state that his demand is just, and that a failure to do so is an irregularity which warrants a reversal by this court. But it does not follow that such an irregularity renders the order of attachment void. “ The Code does not declare that the clerk’s order of attachment shall be void unless the requisite affidavit is filed, nor that the jurisdiction of the court is to depend upon the filing of the affidavit. The case seems to be within the general rule that the proceedings of a court having jurisdiction of the person or subject are not void, however erroneous they may be. The jurisdiction of the court in attachment cases depends upon the actual or constructive service of process upon the defendant, and 'not upon the plaintiff’s affidavit, *385 nor upon the clerk-s order.” (Allen v. Brown, 4 Metcalfe, 346.)
It follows therefore that in this case, as the court below had jurisdiction of the subject, its judgment is not void. But for the irregularity before set out said judgment must be reversed.
Upon the return of the cause appellees should be allowed to amend their petition, in case they offer to do so within a reasonable time, and appellant to make defense either to the action or the attachment, or both, as. he may desire.